UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COREY R., <br><br> Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 3:24-cv-05337-TLF <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 3. Plaintiff challenges the Administrative Law Judge's ("ALJ") decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

On January 19, 2022 plaintiff filed an application for SSI, alleging a disability onset date of July 28, 2017. AR 248-49. He later amended the onset date to January 19, 2022. AR 18, 67. The date last insured is December 31, 2022. AR 21. The application was denied initially and upon reconsideration. AR 153-57, 166-69. On December 4, 2023 a hearing was conducted by ALJ Richard Geib. AR 63-101. On January 23, 2024 the ALJ issued an unfavorable decision finding plaintiff not to be disabled. AR 18-30. Plaintiff filed this appeal.

1

The ALJ found plaintiff had the following severe impairments through the date last insured: rotator cuff tendonitis, migraine disorder, bilateral ulnar neuropathy, left knee joint dysfunction, depression, anxiety. AR 21. The ALJ determined plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) with the following additional limitations:

> The claimant could occasionally balance, stoop, kneel, crouch, and crawl; could occasionally reach overhead with the left upper extremity; could frequently handle and finger; should not have concentrated exposure to work hazards; could carry out simple and detailed instructions that could be learned in 30 days or less; and could have occasional contact with the general public and coworkers.

AR 24. As a result, the ALJ found plaintiff could have performed the requirements of representative occupations such as: assembler, small products: DOT 706.684-022, light, SVP 2; office helper: DOT 239.567-010, light, SVP 2; hand packager – inspector: DOT 559.687-074, light, SVP 2; price marker: DOT 209.587-034, light, SVP 2; photocopy machine operator: DOT 207.685-014, light, SVP 2. AR 29.

## STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*

The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

1. **Whether the ALJ erred in not including limitations opined by the state agency physicians in the RFC**

Plaintiff argues that the ALJ failed to include significant social interactions opined by state agency physicians Leslie Postovoit, PhD, and Patricia K., PhD in the RFC despite finding these opinions to be persuasive. Dkt. 7 at 3-7.

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *see also Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (an RFC finding need not directly correspond to a specific medical opinion but may incorporate the opinions by assessing RFC limitations entirely consistent with, even if not identical to, limitations assessed by the physician). But if the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. *See* Social Security Ruling 96-8p.

Dr. Postovoit opined that plaintiff is moderately limited in the ability to interact with the public, the ability to accept instructions and respond appropriately to criticism from supervisors, and the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. AR 139. She explained that plaintiff retains the capacity to interact with others on an occasional/superficial basis and the ability to accept instructions from a supervisor is retained. AR 140. At reconsideration, Dr. Patricia K recorded the same findings. AR 150-51.

The ALJ found these opinions to be generally persuasive on the basis that they supported their opinions by summarizing the evidence, including plaintiff's counseling notes, and their analyses were consistent with plaintiff's normal status exams and his ability to do tasks such as managing funds through the stock market. AR 27.

Plaintiff argues that the ALJ erred in limiting plaintiff to "occasional" contact with the general public and coworkers without reference to the limitation of "superficial" interactions as opined by the physicians. Dkt. 7 at 4. Yet, this argument is not viable under Ninth Circuit precedent. Dkt. 13 at 2-3. In *Shaibi v. Berryhill* the Ninth Circuit determined that the ALJ did not err in limiting the plaintiff to occasional interaction with coworkers despite a doctor's opinion that the plaintiff could relate to others on a superficial basis. 883 F.3d 1102, 1106-07 (9th Cir. 2017).

Here the hypothetical (AR 80) from the ALJ to the Vocational Expert, and the RFC, are supported by the plaintiff's medical record, for example the doctors found that plaintiff was not significantly limited in the ability to ask simple questions or request assistance and the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness, and opined only moderate limitations in the other categories. AR 139, 150. And, the doctors' limitation was not that plaintiff could only have interaction on a superficial basis, but rather on an occasional/ superficial basis. AR 140, 151.

Therefore, the ALJ did not err in limiting plaintiff to occasional limitation with coworkers and the public, this limitation does not conflict with the state agency physicians' opinions.

**2. Whether the ALJ failed to account for plaintiff's migraines in the RFC**

Plaintiff argues that the ALJ failed to account for his ability to perform basic work activities as a result of migraines despite finding his migraine disorder to be a severe impairment. Dkt. 7 at 7-17. Plaintiff challenges the lack of limitations related to phonophobia or photophobia and blurry vision. *Id*. at 9. Plaintiff argues the ALJ harmfully erred in discounting his testimony as to migraines, and the ALJ's conclusion that plaintiff's migraines improved since a previous decision in 2020. *Id*.

The ALJ is responsible for determining a plaintiff's RFC, which is the most a claimant can do despite existing limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a). The RFC must include all of the claimant's functional limitations supported by the record. *See Valentine v. Comm'r of Soc. Sec. Admin*., 574 F.3d 685, 690 (9th Cir. 2009).

At the hearing, plaintiff testified that his migraine headaches have been an ongoing issue and they are largely triggered by noises and strong smells. AR 21. He testified he seldom leaves the home, and avoids large gatherings. AR 72. He stated that four to five times a month he experiences migraines that require him to lie down with a blackout curtain and take Zolmitriptan. *Id*. He stated that some months he experiences upward of eight migraines; he experiences double vision when a migraine is coming on. *Id*.

In the previous decision, the ALJ limited plaintiff in the RFC to "work in a workplace with moderate level of noise, at the noise level of 3 or lower" (AR 111) based on plaintiff's migraine disorder (AR 114). In the present case, the ALJ did not include limitations related to noise, but determined that plaintiff's headaches were stable

through the date last insured, noting that Sumatriptan helped with plaintiff's headaches. AR 25.

The ALJ in the present case also noted that Dr. Nancy Vinikoor, MD wrote that the headaches did not cause functional limitations. AR 25 (citing AR 1337). The ALJ also noted that although plaintiff described increased headaches due to smells at home in September 2022, he did not describe ongoing symptoms after this point. AR 25-26 (citing AR 1269). The ALJ noted in evaluating the opinions of Dr S. and Dr. Postovoit "[w]hile the prior decision provided limits on...exposure to noise, the current record does not justify those limits given...the claimant's improving migraines." AR 27 (citing AR 102-122).

Plaintiff argues that the ALJ erred by providing no valid examples of plaintiff's improved migraines, and failing to explain how his migraines actually improved including their frequency, severity, or reduction in factors that caused or worsened migraines. Dkt. 7 at 9.

The Commissioner argues that the ALJ properly discounted plaintiff's testimony regarding his migraines due to improvement with medication, and the notes plaintiff points to as support reference his self-reported symptoms. Dkt. 13 at 4-5. Symptoms that can be controlled through treatment and medication "are not disabling." *See Ware v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see also Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

Plaintiff does not point to any medical records that support the functional limitations he alleges should have been included in the RFC outside of notations regarding his own self-reported symptoms. Plaintiff asserts that he continued to take

Sumatriptan and Propranolol to manage his migraines throughout the period at issue, however, plaintiff does not explain how this evidence disproves the ALJ's conclusion. *See* Dkt. 7 at 10. Rather, several of the notes cited by plaintiff support the ALJ's conclusion. *See* AR 858-59 ("He was started on Sumatriptan for headaches. More recently he was given Propranolol which reduced his headache frequency to 2-3 per month"); 915 (2/5/2020, noted he takes Sumatriptan 2-4 times a month); 942 (11/5/2019 noted if he takes Sumatriptan early enough it will abort a migraine).

Plaintiff also contends that Dr. Vinikoor's assessment corroborated his allegations of exacerbating factors that were ignored by the ALJ (Dkt. 7 at 12), yet this note is from plaintiff's own report of his symptoms. AR 1335. The ALJ found Dr. Vinikoor did not opine any functional limitations related to plaintiff's migraines, and this is supported by the record. *See* AR 1336 (indicating plaintiff's headaches do not impact his ability to work).

Because there are no medical sources that opined the functional limitations that plaintiff argues the ALJ failed to include in the RFC, and the ALJ provided clear and convincing reasons, supported by substantial evidence, for discounting plaintiff's testimony regarding his migraine symptoms, plaintiff has not shown error. Therefore, the ALJ's conclusion must be upheld.

//
//
//
//
//

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is <u>affirmed</u>.

Dated this 4th day of April, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge